Filed 12/24/15  P. v. Ramirez-Guzman CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068692 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FSB1105005) |
| SERGIO RAMIREZ-GUZMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Elia V. Pirozzi, Judge.  Affirmed.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury convicted Sergio Ramirez-Guzman (Guzman) of three counts of having sexual intercourse with a child age 10 or younger (Pen. Code, § 288.7, subd. (a); counts 1, 2, & 4), two counts of sexual penetration of a child age 10 or younger (Pen. Code, § 288.7, subd. (b); counts 3 & 5), three counts of committing a lewd act on a child under age 14 (Pen. Code, § 288, subd. (a); counts 6-8), and one count of making criminal threats (Pen. Code, § 422; count 10).[1] Guzman committed the crimes in counts 1, 3, and 8 against Jane Doe 2 and the crimes in counts 2, 4, 5, 6, and 7 against Jane Doe 1. The jury found true allegations Guzman committed the offenses in counts 6 through 8 against more than one victim (Pen. Code, § 667.61, subd. (e)(4)).

The trial court sentenced Guzman to an aggregate prison term of 105 years to life. The sentence consisted of consecutive indeterminate terms of 25 years to life for counts 1, 2, and 4; consecutive indeterminate terms of 15 years to life for counts 3 and 5; and a concurrent determinate term of two years for count 10. The court also imposed indeterminate terms of 15 years to life for counts 6 through 8, but stayed these sentences under Penal Code section 654.

Guzman appeals, contending we must reverse his conviction because the court erroneously excluded testimony from his daughter about his character and reputation for not molesting children. We conclude any error was harmless and affirm the judgment.

_____

[1]     The jury acquitted Guzman of one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 9).

BACKGROUND[2]

*Prosecution Evidence*

Twice when Doe 1 was 10, Guzman had sexual intercourse with her. On one of those occasions, Guzman brought her to his bed, took off her shorts and underwear, told her to get on top of him, and put his penis in her vagina. Guzman's girlfriend, who had been lying next to him sleeping, woke up and told him to stop, but he did not. Guzman also once put his fingers in Doe 1's vagina.

When Doe 2 was eight and she, Guzman, and Guzman's girlfriend were lying in bed, Guzman told his girlfriend he wanted to have sex with Doe 2. A little while later, Guzman put his penis into Doe 2's vagina, causing Doe 2's vagina to bleed. Although Guzman's girlfriend told him to stop, she did not do anything to make him stop. On another occasion, while Doe 2 was lying in bed with Guzman and Guzman's girlfriend, Guzman put his hand under Doe 2's clothes and inside Doe 2's vagina.

Doe 1's and Doe 2's accounts were corroborated by the testimony of Guzman's girlfriend and by prior statements Doe 1 and Doe 2 made during police and forensic interviews.[3] Their accounts were also corroborated by medical evidence showing

---

[2]    To preserve the confidentiality of the Doe victims' identities, our summary omits some details, which, while superficially relevant to the issue raised on appeal, are not critical to our analysis. Our summary further omits the facts underlying Guzman's conviction for making criminal threats, as Guzman has not challenged this conviction on appeal.

[3]    Guzman's girlfriend was also arrested and charged in this case. She pleaded guilty to two counts of child abuse in exchange for a six-year prison sentence.

significant bruising to Doe 1's hymen, multiple instances of penetrating trauma to Doe 1's genitals, and significant redness and irritation surrounding Doe 2's labia and hymen.

*Defense Evidence*

Guzman denied having sexual intercourse with Doe 1 and Doe 2. He also denied any interest in having sexual intercourse with little girls. He stated he was not present when the molestations occurred and believed his girlfriend committed the molestations with another man. To support his defense, two of his daughters and two of his nieces testified he had never engaged in inappropriate sexual conduct with them. They also testified he was a truthful, honest and good person.

## DISCUSSION

### A

During defense counsel's examination of one of Guzman's daughters, the following dialogue occurred:

> "[DEFENSE COUNSEL]: Have you formed opinions about [Guzman's] character, the type of guy he is?
>
> "[DAUGHTER]: Of course.
>
> "[DEFENSE COUNSEL]: What is your opinion as to his character for truthfulness?
>
> "[DAUGHTER]: He's an honorable man, very truthful and upfront. He's always said things, how it is. I have never had a doubt in my mind about who he is.
>
> "[DEFENSE COUNSEL]: How about his character for molesting children?
>
> "[PROSECUTOR]: Objection. Relevance.

4

"THE COURT:  Sustained."

Defense counsel then concluded his examination of Guzman's daughter by asking whether she had seen Guzman interact with small children.  She replied she had seen him interact with her nieces, nephews and cousins, whom she said he watched over.

### B

Guzman contends the court prejudicially erred by failing to allow his daughter to testify about his character and reputation for not molesting children.  We review the court's ruling for abuse of discretion.  (*People v. Doolin* (2009) 45 Cal.4th 390, 437.)

### 1

Character evidence is generally inadmissible to prove conduct.  (Evid. Code, § 1101, subd. (a); *People v. McAlpin* (1991) 53 Cal.3d 1289, 1305 (*McAlpin*).)  However, in a criminal action, character evidence is admissible if the defendant offers it to prove the defendant's conduct.  (Evid. Code, § 1102, subd. (a); *McAlpin*, *supra*, at p. 1305.)  "This exception allows a criminal defendant to introduce evidence, either by opinion or reputation, of his character or a trait of his character that is 'relevant to the charge made against him.'  [Citation.]  Such evidence is relevant if it is inconsistent with the offense charged—e.g., honesty, when the charge is theft—and hence may support an inference that the defendant is unlikely to have committed the offense.  In appropriate cases, such circumstantial evidence 'may be enough to raise a reasonable doubt in the mind of the trier of fact concerning the defendant's guilt.' "  (*McAlpin*, at p. 1305.)  Lay opinion evidence of a defendant's lack of sexual deviance falls within this exception.  (*Id*., at pp. 1305, 1309.)

The People did not object to Guzman's daughter's testimony on foundation grounds. Nevertheless, they assert on appeal we must affirm the court's ruling because the record does not show Guzman's daughter had the requisite knowledge to provide a competent opinion about Guzman's reputation for not molesting children.

" 'Reputation is not what a character witness may *know* about [a] defendant. Reputation is the estimation in which an individual is held; in other words, the character imputed to an individual rather than what is actually known of him either by the witness or others.' " (*McAlpin*, *supra*, 53 Cal.3d at p. 1311.) "As general reputation consists of the estimation in which one is held in the community in which he resides, it can only properly and safely be testified to by a member of the community; it is the opinion of a member of a community as to the estimation in which another who moves in it is held generally by that community." (*Tingley v. Times Mirror Co.* (1907) 151 Cal. 1, 27.) Thus, testimony about a person's reputation in the community must be based on knowledge of what the community thinks about the person, and not on what the particular character witness thinks about the person. (*People v. Neal* (1948) 85 Cal.App.2d 765, 771.)

We agree the record does not show Guzman's daughter knew of Guzman's reputation in the community. It shows only her own assessment of his character based on her own experience and perceptions of him. Unfortunately, since the People did not object on foundation grounds below, we cannot know whether defense counsel could

have established Guzman's daughter's competency to testify about Guzman's reputation in the community. However, we need not decide the issue because, even assuming Guzman's daughter had the requisite knowledge and the court erred in excluding her testimony, the error was harmless.

b

While the court excluded the reputation testimony, it permitted four of Guzman's female family members to testify he was an honest and truthful person and had never molested them. Evidence Guzman had a reputation for not being a child molester would have added little to this evidence as reputation testimony is the least reliable form of character evidence. (*McAlpin*, *supra*, 53 Cal.3d at p. 1312.) "The opinions of those whose personal intimacy with a person gives them firsthand knowledge of that person's character are a far more reliable indication of that character than is reputation, which is little more than accumulated hearsay." (Cal. Law Revision Com. com., 29B pt. 3B West's Ann. Evid. Code (2009 ed.) foll. § 1102, p. 312.)

Moreover, and contrary to Guzman's assertions, the evidence against him was not weak. It was strong. To have acquitted Guzman, the jury would have had to disbelieve both victims, even though there was no evidence of collusion, undue influence, or improper motive. In addition, the jury would have had to disbelieve Guzman's girlfriend who pleaded guilty to child abuse and agreed to a six-year prison sentence for her role in allowing Guzman's sexual intercourse with the victims to occur. Finally, the jury would have had to disbelieve the medical evidence showing both victims suffered significant vaginal injuries consistent with their accounts. We, therefore, cannot conclude it is

7

reasonably probable Guzman's would have obtained a more favorable result had the court admitted the reputation testimony. (*People v. Watson* (1956) 46 Cal.2d 818, 836; *McAlpin*, *supra*, 53 Cal.3d at p. 1311) [holding *Watson* harmless error standard applies to error excluding character evidence].)

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

HALLER, J.

AARON, J.